## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GRAMBLING T. DOMINIQUE, JR., <br><br> PLAINTIFF, <br><br> vs. <br><br> ILLINOIS STATE TROOPER SNIDEY & UNKNOWN OFFICER SHERIFF, <br><br> DEFENDANTS. | Case No. 19-cv-2280 |

## AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFF, GRAMBLING T. DOMINIQUE, JR., by and through his attorney, Blake Horwitz, Esq., of the Blake Horwitz Law Firm, Ltd., complaining of DEFENDANT ILLINOIS STATE TROOPER SNIDEY and DEFENDANT UNKNOWN OFFICER, states as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343(a)(3), as the federal claims are brought under 42 U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391(b), as all or some of the parties reside in the Northern District of Illinois and the events giving rise to the claims occurred in this district. The Court has supplemental jurisdiction over the PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367(a), as the claims out of the same group of operative facts.

## PARTIES

2. The PLAINTIFF, GRAMBLING T. DOMINIQUE, JR. (hereinafter "PLAINTIFF"), is a citizen of the United States, who at all times relevant to the allegations herein lived in Cook

1

County, Illinois, and who at all times enjoyed the rights enumerated under the Constitution of the United States.

3. PLAINTIFF is legally deaf.

4. PLAINTIFF'S Illinois driver's license reflects that PLAINTIFF is deaf.

5. When DEFENDANT ILLINOIS STATE TROOPER SNIDEY (hereinafter "DEFENDANT SNIDEY") engaged in the conduct alleged in the Amended Complaint, DEFENDANT SNIDEY was acting in the course and scope of his employment, and as an agent of the Illinois State Police.

6. When DEFENDANT SNIDEY engaged in the conduct alleged in this Amended Complaint, he was on duty.

7. When DEFENDANT SNIDEY engaged in the conduct alleged in this Amended Complaint, he was acting as an agent of the Illinois State Police.

8. When DEFENDANT SNIDEY engaged in the conduct alleged in this Amended Complaint, he was acting under color of law.

9. The DEFENDANT UNKNOWN OFFICER is an officer for the Cook County Sheriff's Office.

10. When the DEFENDANT UNKNOWN OFFICER engaged in the conduct alleged in the Amended Complaint, THE UNKNOWN OFFICER was acting in the course and scope of his employment, and as an agent of the Cook County Sheriff's Office.

11. When the DEFENDANT UNKNOWN OFFICER engaged in the conduct alleged in this Amended Complaint, he was acting under the color of law.

## FACTS

12. On March 12, 2015, PLAINTIFF was in a vehicle with his sister and a female acquaintance.

13. PLAINTIFF was not driving the vehicle.

14. At no time was there probable cause to believe that the PLAINTIFF was driving the vehicle.

15. The driver of the vehicle lost control and was involved in single vehicle accident.

16. PLAINTIFF'S sister and the female acquaintance left the vehicle to go find help.

17. PLAINTIFF stayed with the vehicle, standing outside of the vehicle.

18. DEFENDANT SNIDEY was driving his vehicle when DEFENDANT SNIDEY came upon the accident site.

19. DEFENDANT SNIDEY accused PLAINTIFF of being the driver of the crashed vehicle.

20. PLAINTIFF communicated to DEFENDANT SNIDEY that PLAINTIFF was not the driver of the crashed vehicle.

21. PLAINTIFF showed DEFENDANT SNIDEY PLAINTIFF'S Illinois driver's license reflecting that PLAINTIFF was legally deaf.

22. DEFENDANT SNIDEY did not believe that the PLAINTIFF was deaf.

23. DEFENDANT SNIDEY accused the PLAINTIFF of lying about being deaf.

24. PLAINTIFF communicated multiple times through hand gestures to DEFENDANT SNIDEY that the other occupants of the vehicle had left the vehicle to go get help.

25. DEFENDANT SNIDEY removed PLAINTIFF'S coat and scarf off of PLAINTIFF'S body and placed PLAINTIFF'S coat and scarf in the crashed vehicle.

26. DEFENDANT SNIDEY took PLAINTIFF'S driver's license and credit cards from PLAINTIFF.

27. DEFENDANT SNIDEY then scattered PLAINTIFF'S driver's license and credit cards around the driver's side of the crashed vehicle.

28. DEFENDANT SNIDEY then arrested PLAINTIFF.

29. DEFENDANT SNIDEY handcuffed PLAINTIFF.

30. At no time was PLAINTIFF operating the vehicle in question.

31. PLAINTIFF was not under the influence of alcohol.

32. DEFENDANT SNIDEY generated a false police report.

33. DEFENDANT SNIDEY included in his police report that PLAINTIFF verbally articulated to DEFENDANT SNIDEY that PLAINTIFF had been drinking and was operating the crashed vehicle.

34. PLAINTIFF is physically unable to verbally articulate such verbal statements due to PLAINTIFF's deteriorated speech.

35. At no time did the PLAINTIFF perform a field sobriety test.

36. At no time did DEFENDANT SNIDEY test PLAINTIFF'S blood alcohol level.

37. On March 12, 2015, PLAINTIFF did not commit an act contrary to the laws of the State of Illinois.

38. On March 12, 2015, DEFENDANT SNIDEY had no probable cause to arrest PLAINTIFF.

39. On March 12, 2015, DEFENDANT SNIDEY knew that no probable cause or other legal basis existed for the arrest or prosecution of PLAINTIFF.

40. On March 12, 2015, DEFENDANT SNIDEY arrested PLAINTIFF.

41. On March 12, 2015, DEFENDANT SNIDEY charged PLAINTIFF with driving under the influence.

42. On March 12, 2015, DEFENDANT SNIDEY, and up until the dismissal of the criminal case, DEFENDANT SNIDEY violated the rights of PLAINTIFF and took steps in furtherance thereof, including but not limited to the filing of false police reports and false charges.

43. DEFENDANT SNIDEY furnished false information to the Cook County State's Attorney's Office that led to the prosecution of PLAINTIFF.

44. DEFENDANT SNIDEY caused the criminal prosecution of PLAINTIFF.

45. DEFENDANT SNIDEY did not appear at the first three hearings in the underlying criminal matter.

46. On July 1, 2015, DEFENDANT SNIDEY verbally threatened to physically harm PLAINTIFF in open court.

47. On July 1, 2015, the criminal court judge admonished DEFENDANT SNIDEY for his conduct in open court.

48. On September 9, 2015, the criminal court judge admonished DEFENDANT SNIDEY for his conduct in open court.

49. Throughout the prosecution, DEFENDANT SNIDEY maintained that PLAINTIFF was pretending to be deaf.

50. Throughout the prosecution, various Cook County deputies snapped their fingers or gestured behind PLAINTIFF to attempt to have PLAINTIFF react in a manner that would show he was not deaf.

51. On April 4, 2018, PLAINTIFF was found not guilty of all charges after a trial.

52. On April 4, 2018, PLAINTIFF was cleared of all charges in a manner indicative of his innocence.

## COUNT I
### Illinois State Law Claim – Malicious Prosecution
**Against DEFENDANT SNIDEY**

53. PLAINTIFF re-alleges paragraphs 1-52 as set forth above.

54. PLAINTIFF was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulted in injury, and all such proceedings were terminated in PLAINTIFF'S favor in a manner indicative of innocence.

55. In official police documents, and under oath, DEFENDANT SNIDEY accused PLAINTIFF of criminal activity and made statements to prosecutors and to others including, but not limited to, officials of the Cook County State's Attorney's Office, with the intent of exerting influence to institute and/or continue judicial proceedings against PLAINTIFF.

56. DEFENDANT SNIDEY knew or should have known that the above-alleged accusations against PLAINTIFF of criminal activity were without probable cause.

57. The statements of DEFENDANT SNIDEY regarding PLAINTIFF'S alleged culpability were made with knowledge that the statements were false and/or perjurious. In making these statements, DEFENDANT SNIDEY fabricated evidence and withheld exculpatory information regarding PLAINTIFF.

58. As a result of DEFENDANT SNIDEY'S unconstitutional and wrongful conduct, PLAINTIFF has suffered pain and injury, including but not limited to damaged reputation, financial loss, and emotional distress.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in his favor and against DEFENDANT SNIDEY and award compensatory damages, punitive damages, costs, and attorney's fees against DEFENDANT SNIDEY as well as any other relief that this Court deems just and equitable.

**COUNT II**
**14th Amendment Claim Pursuant to 42 U.S.C. § 1983**
**Against DEFENDANT SNIDEY**

59. PLAINTIFF re-alleges paragraphs 1-52 as set forth above.

60. DEFENDANT SNIDEY fabricated evidence against PLAINTIFF.

61. The fabricated evidence was the basis of PLAINTIFF's arrest.

62. The fabricated evidence was the basis of the charges brought against PLAINTIFF.

63. DEFENDANT SNIDEY testified to the fabricated evidence at PLAINTIFF'S criminal trial.

64. PLAINTIFF was subject to restrictions not generally shared by the public.

65. The fabricated evidence proximately caused the prosecution of PLAINTIFF.

66. The use of fabricated evidence to detain PLAINTIFF caused the Plaintiff a deprivation of liberty.

WHEREFORE, PLAINTIFF prays this Honorable Court enters judgment against DEFENDANT SNIDEY OFFICERS for compensatory damages, punitive damages, and all other remedies this Court finds equitable.

**COUNT III**
**Conspiracy Claim Pursuant to 42 U.S.C. §1983**
**(Against DEFENDANT SNIDEY and UNKNOWN OFFICER)**

67. PLAINTIFF incorporates paragraphs 1-52 as set forth above.

68. During the criminal prosecution against the PLAINTIFF, DEFENDANT SNIDEY and Cook County Officers of the Cook County Sheriff's Department, communicated for the express purpose of, *inter alia,* gathering information regarding the PLAINTIFF, to intimidate PLAINTIFF, and to retaliate against PLAINTIFF for asserting a defense as to the DUI driving charge.

69. DEFENDANT SNIDEY falsely lodged DUI charges against the PLAINTIFF.

70. DEFENDANT SNIDEY knew that the allegations he lodged against the PLAINTIFF were false and he was, *inter alia,* worried his charges were going to fail. Consequently, DEFENDANT SNIDEY sought to gather more false evidence against PLAINTIFF in order to strengthen the false criminal case he lodged against the PLAINTIFF.

71. DEFENDANT SNIDEY and Cook County Officers worked together, by communicating with each other, in person, while at the Richard J. Daley Center, in order to gather false evidence against the PLAINTFF and effectuate the goals set forth in paragraph 70.

72. One of the false allegations DEFENDANT SNIDEY and Cook County Officers sought to develop was that the PLAINTIFF was pretending to be deaf. During the pendency of the criminal DUI case, Cook County Officers:

    a. intentionally bumped into and intimidated PLAINTIFF;

    b. tried to provoke the PLAINTIFF;

    c. attempted to cause PLAINTIFF to react and speak coherently[1];

    d. attempted to cause PLAINTIFF to react to sound and/or respond with physical force;

    e. followed PLAINTIFF from the traffic court room (402) where the case was pending.

---

[1] When the Plaintiff communicates, his speech is not coherent and very difficult to understand. Notably, during the traffic stop of the Plaintiff, available to be seen on video, Officer Snidey's audio "malfunctioned" so that communication between Snidey and the Plaintiff cannot be heard.

73. DEFENDANT SNIDEY and Cook County Officers believed that if they could cause PLAINTIFF to physically react, by intimidating and/or coming into contact with PLAINTIFF'S body, then PLAINTIFF would manifest physical movements that could cause PLAINTIFF to be arrested for obstruction/resisting arrest or battery.

74. If PLAINTIFF would respond to sound or react by speaking not as a deaf but as a hearing person, DEFENDANT SNIDEY could gather evidence that PLAINTIFF was falsifying his inability to hear – which was one of the defenses PLAINTIFF asserted in the pending DUI case that DEFENDANT SNIDEY had lodged against the PLAINTIFF.

75. Cook County Offices also followed PLAINTIFF after he left the traffic court room in order to further the activities alleged in paragraphs 67-74.

76. Some intimidation techniques took place in and outside of court room 402. Video recordings were available in both of these locations.

77. The intimidation took place where video was available so that the Defendants could attempt to gather evidence of the PLAINTIFF responding to their actions and then attempt to criminally prosecute PLAINTIFF for actions that would be displayed on video and/or attempt to gather evidence in support of the prosecution of the DUI criminal action lodged by DEFENDANT SNIDEY.

78. The actions undertaken to intimidate PLAINTIFF started early on in the criminal litigation, including on July 1, 2015, when DEFENDANT SNIDEY threatened to kill the PLAINTIFF, while in Court.

79. The above-referenced intimidation amounted to a coordinated effort on behalf of DEFENDANT SNIDEY and Cook County Officers, meaning that, DEFENDANT SNIDEY and Cook County Officers spoke, in person, on a number of occasions, after the criminal case was

9

lodged against PLAINTIFF, for the purpose of intimidating PLAINTIFF and securing false additional evidence against the PLAINTIFF.

80. One of the individuals that DEFENDANT SNIDEY coordinated with was the DEFENDANT UNKNOWN OFFICER.

81. DEFENDANT SNIDEY and the DEFENDANT UNKNOWN OFFICER spoke in 2017 and 2018, wherein during their conversations, DEFENDANT SNIDEY and the DEFENDANT UNKNOWN OFFICER discussed a plan as to how they would:

    a. intimidate PLAINTIFF;

    b. use force against the PLAINTIFF;

    c. attempt to get the PLAINTIFF to respond to physical force and noises to show that PLAINTIFF was faking his inability to hear;

    d. follow the PLAINTIFF;

    e. retaliate against the PLAINTIFF for defending the false criminal case that DEFENDANT SNIDEY falsely lodged against the PLAINTIFF.

82. As a result of the communications between DEFENDANT SNIDEY and the DEFENDANT UNKNOWN OFFICER, the DEFENDANT UNKNOWN OFFICER, on April 5, 2018, left the Richard J. Daley Center and followed the PLAINTIFF. Upon information and belief, the DEFENDANT UNKNOWN OFFICER had followed the PLAINTIFF on multiple prior occasions.

83. Prior to April 5, 2018, other Cook County Officers had also followed the PLAINTIFF when he left room 402. The act of following the PLAINTIFF from room 402 was not a new event and took place on several occasions prior to April 5, 2018.

84. After leaving the courthouse and wearing his uniform, the DEFENDANT UNKNOWN OFFICER came into physical contact with the PLAINTIFF by pushing and shoving PLAINTIFF.

85. The DEFENDANT UNKNOWN OFFICER also pointed his duty weapon at the PLAINTIFF.

86. The DEFENDANT UNKNOWN OFFICER intentionally shoved and pushed PLAINTIFF and pointed his weapon at the PLAINTIFF, absent probable cause to believe that the PLAINTIFF had committed a criminal offense.

87. PLAINTIFF was caused to defend himself as a result of the physical aggression initiated by the DEFENDANT UNKNOWN OFFICER.

88. The act of shoving and pushing PLAINTIFF and pointing his weapon at the PLAINTIFF, on April 5, 2018, amounted to a seizure of the PLAINTIFF.

89. During the physical altercation with the PLAINTIFF the DEFENDANT UNKNOWN OFFICER announced his office to witness(es) that saw the physical acts of misconduct being perpetrated by the DEFENDANT UNKNOWN OFFICER onto the body of the PLAINTIFF.

90. After the DEFENDANT UNKNOWN OFFICER accosted PLAINTIFF, the DEFENDANT UNKNOWN OFFICER returned to the Richard J. Daley Center and spoke to, *inter alia,* members of the Cook County Sheriff's Department.

91. These individuals decided, upon information and belief, to ensure that no documentation would be generated regarding the physical altercation that the DEFENDANT UNKNOWN OFFICER undertook with the PLAINTIFF.

92. Failing to document the use of force by a Cook Count Officer violates the rules and procedures of the Cook County Sheriff's Department.

93. Cook County Officers are required to document their use of force on civilians.

94. In the alternative, documents were generated by the DEFENDANT UNKNOWN OFFICER and other members of the Cook County Sheriff's office, but are presently being secreted so that these documents are not made available to PLAINTIFF in this litigation.

95. The actions of the DEFENDANT UNKNOWN OFFICER and DEFENDANT SNIDEY were coordinated, as alleged above and caused a seizure and deprivation of the PLAINTIFF in violation of the Fourth Amendment to the United States Constitution.

96. Both DEFENDANT SNIDEY and the DEFENDANT UNKNOWN OFFICER, acted together in furtherance and to continue the false allegations lodged against PLAINTIFF, initially by DEFENDANT SNIDEY, to continue to injure PLAINTIFF during and after the criminal prosecution and to seize PLAINTIFF.

97. As a result of this conspiracy, DEFENDANT SNIDEY and the DEFENDANT UNKNOWN OFFICER, by and through their conduct, directly and proximately caused PLAINTIFF to suffer, *inter alia*, humiliation, fear, anxiety, and emotional distress.

WHEREFORE, PLAINTIFF respectfully request that this Court enter judgment in his favor and against the DEFENDANTS and award compensatory damages, punitive damages, costs, and attorney's fees against the DEFENDANTS as well as any other relief that this Court deems just and equitable.

**COUNT IV**
**4th Amendment Excessive Force Pursuant to 42 U.S.C. § 1983**
**(Against DEFENDANT UNKNOWN OFFICER)**

98. PLAINTIFF incorporates paragraph 1-52 as set forth above.

99. On April 5, 2018, DEFENDANT UNKNOWN OFFICER came into contact with the body of PLAINTIFF.

100. On April 5, 2018, DEFENDANT UNKNOWN OFFICER came into contact with the body of PLAINTIFF absent probable cause.

101. On April 5, 2018, DEFENDANT UNKNOWN OFFICER drew his firearm upon PLAINTIFF.

102. On April 5, 2018, DEFENDANT UNKNOWN OFFICER drew his firearm upon PLAINTIFF absent probable cause.

103. On April 5, 2018, DEFENDANT UNKNOWN OFFICER was equipped with a body camera.

104. It is the policy for Cook County Sheriff's Office Deputies to turn on their body cameras when engaging in physical interactions with civilians.

105. DEFENDANT UNKNOWN OFFICER, in violation of Cook County Sheriff's Office policy, did not turn on his body camera when he came into contact with PLAINTIFF on April 5, 2018.

106. In the alternative, DEFENDANT UNKNOWN OFFICER did turn on his body camera; however, the footage of the incident has been secreted and/or withheld.

107. DEFENDANT UNKNOWN OFFICER actions in using unreasonable force unto PLAINTIFF amounted to excessive force in violation of the Fourth Amendment to the United States Constitution.

108. The aforementioned actions were the direct and proximate cause of the constitutional violations set forth above, and caused PLAINTIFF to suffer without limitation, anxiety, pain and suffering, humiliation, and emotional distress.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter judgment in his favor against DEFENDANT UNKNOWN OFFICER and award compensatory damages,

punitive damages, costs, and attorney's fees against DEFENDANT UNKNOWN OFFICER as well as any other relief that this Court deems just and equitable.

## JURY DEMAND

PLAINTIFF demands trial by jury.

Respectfully submitted,

*s/ Blake Horwitz, Esq.*
Attorney for Plaintiff

Blake Horwitz, Esq.
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St, Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741
bhorwitz@bhlfattorneys.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GRAMBLING T. DOMINIQUE JR., | |
| PLAINTIFF, | Case No.: 19-cv-2280 |
| vs. | Judge Manish S. Shah |
| ILLINOIS STATE TROOPER SNIDEY, | Magistrate Judge Young B. Kim |
| DEFENDANT. | |

**CERTIFICATE OF SERVICE**

On November 1, 2019 I, the undersigned, caused the Plaintiff's Amended Complaint to be filed with the ECF/CM electronic filing system for the United States District Court for the Northern District of Illinois which sent notice to all parties of record.

*s/ Robert Kroeger*
An attorney for the Plaintiff

Blake Horwitz
Robert Kroeger
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741